## Brownsville Township's Supervisor.

*Public officers—Township supervisors—Vacancy—Neglect to take oath—Filling vacancy by appointment—Act of July 14, 1917.*

Where a regularly elected township supervisor in a township of the second class neglects to take the oath and enter upon the duties of the office, a vacancy occurs, and the court, within a reasonable time after the commencement of the term of office, on a petition alleging such vacancy, and signed by a supervisor and more than ten voters, who are owners of real estate in the township, may fill the vacancy by appointment, which will not be revoked on account of allegations in the petition that the regularly elected township supervisor failed and neglected to file his oath of office because of misrepresentations by certain of the petitioners for the appointment, which allegations did not prevail on hearing.

Act of July 14, 1917, P. L. 840, considered.

Rule to revoke appointment of township supervisor. Q. S. Fayette Co., Dec. Sess., 1923, No. 119.

*N. W. Rosenberg*, for rule; *Lee Smith*, contra.

VAN SWEARINGEN, P. J., Feb. 19, 1924.—This case now is before the court on a rule to show cause why the appointment heretofore made by the court of James A. G. Murray as a township supervisor of Brownsville Township, a

township of the second class, should not be revoked and Fred O. Long be given an opportunity to qualify as such supervisor.

Section 180 of the Act of July 14, 1917, P. L. 840, provides: "If the electors of any township of the second class shall fail to choose a township supervisor, or if any person elected to such office shall neglect or refuse to serve therein, or if a vancancy shall occur in the office by death, resignation or otherwise, the Court of Quarter Sessions shall, upon the presentation of a petition signed by a supervisor and not less than ten voters who are owners of real estate in the township, appoint a person to fill the vacancy for the unexpired term of the person whose place he is appointed to fill. In all cases where a vacancy occurs in the board of township supervisors from any cause, and within a reasonable time thereafter no petition for the appointment of a person to fill such vacancy has been presented to the court, the two remaining supervisors may appoint a successor to fill the office for the unexpired term."

Section 190 of the same act provides: "Every person elected or appointed to any township office in any township of the first or second class shall, before entering upon the duties of his office, take and subscribe an oath or affirmation, before some person having authority to administer oaths, to support the Constitution of the United States and of this Commonwealth, and to perform the duties of his office with fidelity. A copy of such oath or affirmation shall, within ten days thereafter, be filed with the township secretary."

At the November election of 1923, Long was elected a township supervisor of Brownsville Township. The duties of that office began on the first Monday of December of that year, which was Dec. 3, 1923. Long did not take the oath nor enter upon the duties of the office that day. He did not take the oath until Jan. 5, 1924. In the meantime, he neglected to serve in the office to which he had been elected, and there was a vacancy therein. On Jan. 1, 1924, within a reasonable time after the commencement of the term of office, a petition alleging such vacancy and signed by a supervisor and more than ten voters who are owners of real estate in the township was presented to this court, and thereupon James A. G. Murray was appointed by the court to fill the vacancy for the unexpired term for which Long was elected, and Murray took the oath and entered upon his official duties in due time.

Thereafter, on Jan. 8, 1924, Long presented a petition to the court and obtained the rule already mentioned. Paragraph 11 of Long's petition alleges: "Your petitioner avers and declares that he was prevented and kept from qualifying pursuant to his election because of the misrepresentations made to him by the above named James A. G. Murray and Corbin McCune, two of the petitioners in the petition above referred to, and further avers and declares that no vacancy existed in the office of township supervisor, and that your petitioner only failed and neglected to file his oath of office because of the misrepresentations made to him by the aforesaid James A. G. Murray and Corbin McCune." Other allegations of similar import were contained in the petition, all of which were denied in a responsive answer to the rule.

A full hearing was accorded the parties in court. The testimony was contradictory. The petitioner for the rule failed to establish the correctness of the allegations contained in his petition. Regardless of what the result might have been had the averments of fact in the petition for the rule prevailed, and we do not pass upon that question now, we see no legal reason for interfering with the appointment heretofore made by the court.

And now, Feb. 19, 1924, the rule to show cause is dismissed, at cost of the petitioner therefor.                    From Luke H. Frasher, Uniontown, Pa.

NOTE.—Syllabus by the Court.